United States District Court
Southern District of Texas
**ENTERED**
October 13, 2020
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| ACUTE CARE AMBULANCE SERVICE, | § | |
| L.L.C., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | |
| | § | CIVIL ACTION NO. 7:20-cv-00217 |
| | § | |
| ALEX M. AZAR II, Secretary of the United | § | |
| States Department of Health and Human | § | |
| Services, | § | |
| | § | |
| Defendant. | § | |

## ORDER

The Court now considers "Plaintiff's Motion for Preliminary Injunction,"[1] and its supporting memorandum of law,[2] and the parties' "Joint Motion to Stay the Order for Conference and Disclosure of Interested Parties."[3] After considering the motions, record, and relevant authorities, the Court **DENIES** Plaintiff's request that a preliminary injunction issue by October 9, 2020, and **GRANTS** the parties' joint request to stay the initial pretrial conference and joint discovery/case management plan filing date.

### I.  BACKGROUND AND PROCEDURAL HISTORY

This is a Medicare payment dispute. Plaintiff Acute Care Ambulance Service, L.L.C. provides ambulance transportation services "to Medicare beneficiaries when the use of other methods of transportation is contraindicated," such as when the patient's health would be jeopardized by another mode of transportation.[4] Plaintiff must comply with numerous federal

---

[1] Dkt. No. 8.
[2] Dkt. No. 9.
[3] Dkt. No. 10.
[4] Dkt. No. 1 at 1, ¶ 1.

regulations to receive taxpayer-funded Medicare payments for its services.[5] On July 24, 2020, Defendant Alex M. Azar II, the Secretary of the United States Department of Health and Human Services, or his designees suspended Plaintiff's Medicare payments after determining "that a credible allegation of fraud exists against" Plaintiff.[6] Plaintiff alleges Defendant Secretary made this determination only upon evidence of a single incidence of deficient documentation.[7] As a result of the Medicare payment suspension, from which Plaintiff derives over 90% of its revenues, Plaintiff alleges its business is threatened and its patients cannot access ambulance transport services during the COVID-19 pandemic, which Plaintiff argues constitutes an abuse of Defendant's discretion and a violation of constitutional due process for both Plaintiff and the patients Plaintiff serves.[8]

Plaintiff commenced this action on August 7, 2020,[9] and subsequently acquired summons for the Defendant on August 18th.[10] Plaintiff served process, and such service was acknowledged, on August 21st.[11] Defendant's answer is due on October 20th.[12] However, on October 2nd, Plaintiff filed its motion for preliminary injunction and supporting memorandum,[13] and the parties—via Plaintiff's counsel and the assistant United States attorney for the Southern District of Texas—jointly moved to stay the Court's initial pretrial and scheduling conference and joint discovery/case management plan filing date.[14] Because the joint motion is unopposed, it is to be "considered as soon as it is practicable."[15] Furthermore, although Plaintiff's motion for

---

[5] *See, e.g.*, 42 C.F.R. §§ 410.40–.41.
[6] Dkt. No. 1 at 2, ¶ 3 (quoting 42 C.F.R. § 405.371(a)(2)).
[7] *Id.*
[8] Dkt. No. 1 at 2–6, ¶¶ 4–11.
[9] Dkt. No. 1.
[10] Dkt. Nos. 3–4.
[11] Dkt. No. 7.
[12] FED. R. CIV. P. 12(a)(2).
[13] Dkt. Nos. 8–9.
[14] Dkt. No. 10.
[15] LR7.2.

a preliminary injunction is not yet ripe,[16] the Court first considers Plaintiff's request that relief be granted "by October 9, 2020."[17]

## II. MOTION FOR PRELIMINARY INJUNCTION

As a threshold issue, the Court notes that Plaintiff's motion and memorandum[18] lack numbered paragraphs entirely, hindering the Court's reference to Plaintiff's arguments. The Court cautions Plaintiff that future submissions should consistently number each paragraph to properly comply with the Federal Rules of Civil Procedure.[19]

As for the motion itself, the Court "may issue a preliminary injunction only on notice to the adverse party."[20] "The Rule's notice requirement necessarily requires that the party opposing the preliminary injunction has the opportunity to be heard and to present evidence."[21] Furthermore, a preliminary injunction is an extraordinary remedy that requires Plaintiff to show among other things "a substantial threat that [it] will suffer irreparable injury if the injunction is not granted."[22]

Plaintiff's request for a preliminary injunction to issue one week after it filed the motion, before Defendant entered his appearance, is improper. Defendant is entitled in this Court to at least three weeks to respond to an opposed motion.[23] Moreover, Plaintiff's claimed urgency is suspect. Although Plaintiff alleged on August 7, 2020, that Defendant's Medicare payment suspension was unlawful and will "soon" force Plaintiff to "shut down and file bankruptcy,"[24]

---

[16] *See* LR7.3.
[17] Dkt. No. 9 at 7.
[18] Dkt. Nos. 8–9.
[19] FED. R. CIV. P. 7(b)(2) ("The rules governing captions and other matters of form in pleadings apply to motions and other papers."); FED. R. CIV. P. 10(b) (emphasis added) ("A party must state its claims or defenses *in numbered paragraphs*, each limited as far as practicable to a single set of circumstances.").
[20] FED. R. CIV. P. 65(a)(1).
[21] *Harris Cnty. v. CarMax Auto Superstores Inc.*, 177 F.3d 306, 325 (5th Cir. 1999).
[22] *Google, Inc. v. Hood*, 822 F.3d 212, 220 (5th Cir. 2016) (quotation omitted).
[23] LR7.4.A.
[24] Dkt. No. 1 at 3, ¶ 4.

Plaintiff waited eleven days to seek summons,[25] forty-seven days to file the return of service,[26] and nearly two full months to move for a preliminary injunction.[27] "Absent a good explanation, a substantial period of delay militates against the issuance of a preliminary injunction by demonstrating that there is no apparent urgency to the request for injunctive relief."[28] Although the Court does not hold that Plaintiff will not be entitled to a preliminary injunction, Plaintiff's nearly two-month delay in seeking a preliminary injunction is incongruous with the claimed "exigent" urgency that the Court should grant relief one week after Plaintiff's motion.[29] Accordingly, to the extent Plaintiff's motion and memorandum request expedited relief,[30] they are **DENIED**. Plaintiff's motion for a preliminary injunction will be fully considered after Defendant responds (or fails to timely respond).

### III. MOTION TO STAY THE INITIAL PRETRIAL CONFERENCE

The parties represent that they "are in agreement that in the interest of the Parties, it is appropriate for the Court to stay the Court's Order until after Defendant responds to Plaintiff's complaint."[31] The Court agrees that the initial pretrial conference should be held, and the joint discovery/case management plan should be filed, after Defendant has staked out its position in this case and after the Court resolves Plaintiff's motion for a preliminary injunction. Accordingly, the Court **GRANTS** the parties' joint motion to stay.[32] The initial pretrial conference previously scheduled for October 14th[33] is **CONTINUED** to **December 15, 2020, at**

---

[25] Dkt. No. 3.
[26] Dkt. No. 7.
[27] Dkt. No. 8.
[28] *Texas v. United States*, 328 F. Supp. 3d 662, 738–39 (S.D. Tex. 2018) (Hanen, J.) (emphasis deleted) (quotation omitted).
[29] Dkt. No. 9 at 7.
[30] Dkt. No. 8–9.
[31] Dkt. No. 10 at 2, ¶ 4.
[32] Dkt. No. 10.
[33] Dkt. No. 2.

**9:00 a.m.** The deadline to file the joint discovery/case management plan is **CONTINUED** to

**December 4, 2020**.

IT IS SO ORDERED.

DONE at McAllen, Texas, this 13th day of October 2020.

_____
Micaela Alvarez
United States District Judge