

# Kennedy
Attorneys & Counselors at Law

**Via FedEx Delivery**

August 3, 2020

QLARANT

AUG 0 5 2020

Qlarant Integrity Solutions, LLC
ATTN: Rebuttal and Suspension Department
14643 Dallas Parkway, Suite 400
Dallas, TX 75254

    RE:    Suspension of Medicare Payments
            Provider Medicare ID Number: AMB1342
            Provider NPI: 1932471075
            Record Identifier: PSP-200617-00004

Dear Sir or Madam:

        Our firm represents Acute Care Ambulance Services, LLC (hereinafter "Acute Care"), a Medicare ambulance supplier located in Mercedes, Texas. The city is known as the Queen of the Rio Grande Valley in south-Texas. We have been retained to respond to the July 24, 2020 Notice of Suspension of Medicare Payments. A copy is enclosed. We also enclose an Appointment of Representative. This is to present a rebuttal pursuant to 42 C.F.R. §405.374 to the suspension of Medicare payments. As explained below, we request that HHS temporarily rescind the payment suspension during the COVID-19 national emergency (or until a hearing is provided to challenge the suspension). Due to the exigent circumstances caused by the COVID-19 pandemic, we will be forced to file a lawsuit in federal district court asserting a collateral constitutional claim and seeking injunctive and declaratory relief on Friday, August 7, 2020. However, we are presenting our rebuttal in hope of obtaining an amicable resolution and your agreement to temporarily rescind the suspension during the COVID-19 national emergency (or until a hearing is provided to challenge the suspension).

## Background Information

        On July 24, 2020, CMS issued its Notice of Suspension of Medicare Payments. The suspension took effect on July 22, 2020. The action was brought under 42 C.F.R. §405.371(a)(2) and alleges a "credible allegation of fraud." CMS based its decision to suspend upon its belief the ambulance supplier had failed to describe beneficiaries' symptoms at the time of transport and that any other means of transportation would be contraindicated. The list of sample claims offered as evidence indicates a single incident where a patient's transportation claim was denied due to deficient documentation. As a result, *all* Medicare payments owed to the supplier are being withheld pending resolution of the ongoing investigation.

        The impact of the Medicare payment suspension threatens the very viability of Acute Care. The ambulance supplier derives in excess of 90% of its revenues from transporting sick and elderly Medicare patients. Obviously, if the ambulance company is not paid for these

12222 Merit Drive, Suite 1750 • Dallas, Texas 75251 • ph. 214.445.0740 • fx. 972.661.9320
markkennedylaw.com

services, it cannot pay its employees, the medics and drivers for these very needy patients. Consequently, Acute Care will soon be forced to shut down and file bankruptcy.

Indeed, the suspension action could not come at a worse time. President Donald Trump declared a national emergency over the COVID-19 outbreak on March 13, 2020. The surge in confirmed coronavirus cases is overwhelming south-Texas. The Rio Grande Valley's residents are particularly vulnerable to COVID-19 with more than 90% being Latinx and having one of the highest poverty rates in the State. Chronic health conditions abound. For example, the rate of diabetes is triple that of the national average. Also, it is chronically underfunded and underserved. Recently, Texas Governor Abbott sent Navy teams to assist the area's hard-hit hospitals in dealing with the COVID-19 outbreak. And the pandemic is having a cascading effect on ancillary suppliers and practitioners as well. The problem is exacerbated by Hurricane Hanna striking the south-Texas coast on July 25, 2020.

If Acute Care is forced to close, the ambulance company's patients will have to obtain their emergency and scheduled medical transportation services elsewhere. Doing so during the COVID-19 outbreak is an uncertainty. In fact, ambulance companies in Rio Grande Valley are now in crisis due to the pandemic. Hospitals are in "divert" status. Ambulances are being forced to wait in hospital parking lots for as long as 12 hours for beds to become available for their patients. Ambulance strike teams are being deployed by the State to the Rio Grande Valley to help the local ambulance companies deal with the coronavirus pandemic.

## Issues & Contentions

At issue is HHS's improper use of suspension under 42 C.F.R. §405.371(a)(2). Aside from the suspension being essentially a documentation issue, we contend that HHS's use of suspension in the midst of the national COVID-19 emergency is improper for the following reasons:

1. Payment suspension is improper in the midst of the COVID-19 outbreak because it threatens the viability of Acute Care and jeopardizes the health and safety of its patients. At this time, ambulance companies are critical during the ongoing COVID-19 outbreak because an ambulance may be the only mode of transportation that patients have to access hospitals as well as other healthcare providers and practitioners.

2. Importantly, Federal regulations provide that CMS may find good cause exists not to suspend a provider or supplier's Medicare payments over credible allegations of fraud where it is determined that beneficiary access to items or services would be so jeopardized by a payment suspension, in whole or in part, as to cause a danger to life or health. 42 C.F.R. §405.371(b)(1)(ii). It is a clear abuse of discretion for CMS to not find that good cause exists here when it will force Acute Care out of business during the COVID-19 pandemic and surge of confirmed coronavirus cases that are overwhelming Rio Grande Valley ambulance companies.

3. Acute Care has a constitutional right in payments for services rendered and now indefinitely suspended. HHS violates Due Process of law by imposing the action during the COVID-19 emergency without extending to the ambulance supplier notice

and a right to a hearing to contest the Medicare payment suspension. There is a high risk that Acute Care will be erroneously deprived of its property interest in Medicare payments it has earned for services rendered and indefinitely withheld by suspension, pursuant to 42 C.F.R. §405.371(a)(2), because the supplier is not entitled under the available process to notice and an opportunity for hearing to dispute and contest the suspension, and there is absolutely no established time frame for resolving the investigation of the claims underlying its imposition.

4. Patients at Acute Care have a constitutional right to access safe and reliable services under the federal Medicare program. HHS violates the patients' right to access such healthcare by imposing the suspension during the coronavirus pandemic. Since President Donald Trump declared a national emergency, the COVID-19 outbreak is overwhelming south-Texas hospitals. And it is having a cascading effect on ancillary suppliers and practitioners as well, like Acute Care. The government's ill-advised suspension will essentially deprive the ambulance company's patients of their constitutional right to access healthcare.

## Conclusion

For these reasons, we present this rebuttal to the Medicare payment suspension. Critically, the Due Process violations and *ultra vires* actions of HHS threaten the very viability of the ambulance supplier. It also jeopardizes the health and safety of the supplier's patients as well as deprives them of their constitutional right to access healthcare. Accordingly, we request that HHS immediately temporarily rescind the Medicare payment suspension and place Acute Care in payment status during the COVID-19 national emergency (or until a hearing is made available to challenge the suspension). Indeed, 42 C.F.R. §405.371(b)(ii) contemplates that suspension should not be imposed under these circumstances. Due to the exigent circumstances caused by the COVID-19 pandemic, we will be filing a lawsuit in federal district court asserting our client's collateral constitutional and statutory claims and seeking injunctive and declaratory relief on Friday, August 7, 2020. Again, we are presenting rebuttal to the suspension in hope of obtaining an amicable resolution and your agreement to temporarily rescind the suspension.

Please contact my office immediately so that we can amicably resolve this matter. We look forward to your prompt response.

Sincerely,

*[signature]*

Mark S. Kennedy

Enclosures

cc: Acute Care Ambulance Services, LLC



Unified Program Integrity Contractor
South Western Jurisdiction (UPICSW)

July 24, 2020

Acute Care Ambulance Service, LLC
1802 Joleigh St.
Mercedes, TX 78570

Re:  Notice of Suspension of Medicare Payments
     Supplier Medicare ID Number(s): AMB1342
     Supplier NPI: 1932471075
     Record Identifier: PSP-200617-00004

Dear Acute Care Ambulance Service, LLC:

The purpose of this letter is to notify you of our determination to suspend your Medicare payments pursuant to 42 C.F.R. § 405.371(a)(2). The suspension of your Medicare payments took effect on July 22, 2020  Prior notice of this suspension was not provided, because giving prior notice would place additional Medicare funds at risk and hinder our ability to recover any determined overpayment. *See* 42 C.F.R. § 405.372(a)(3).

The decision to suspend your Medicare payments was made by the Centers for Medicare & Medicaid Services (CMS) through its Central Office. *See* 42 C.F.R. § 405.372(a)(4)(iii). This suspension is based on credible allegations of fraud. CMS regulations define credible allegations of fraud as an allegation from any source including, but not limited to, fraud hotline complaints, claims data mining, patterns identified through audits, civil false claims cases, and law enforcement investigations. Allegations are considered to be credible when they have indicia of reliability. *See* 42 C.F.R. § 405.370. This suspension may last until resolution of the investigation as defined under 42 C.F.R. § 405.370 and may be extended under certain circumstances. *See* 42 C.F.R. § 405.372(d)(3)(i)-(ii). Specifically, the suspension of your Medicare payments is based on, but not limited to, information that you misrepresented services billed to the Medicare program. More particularly, a medical review of claims submitted by Acute Care Ambulance Service, LLC determined that Medicare coverage guidelines were not met since the documentation submitted to substantiate the claims failed to describe the beneficiaries' symptoms at the time of transport and that any other means of transportation would be contraindicated. Additionally, beneficiary interviews conducted supported that the ambulance services were not warranted.

The following list of sample claims provide evidence of our findings and serve as a basis for the determination to suspend your Medicare payments:

| Claim Control Number (CCN) | Date(s) of Service | Amount Paid | Basis for Selected Claim |
|---|---|---|---|
| 452919176129030 | 06/24/2019-06/24/2019 | 135.42 | Beneficiary interview indicated this |



14643 Dallas Parkway, Suite 400 • Dallas, Texas 75254-1613 • www.qlarant.com



|  |  |  | this beneficiary had their claim denied as part of a postpayment medical review because the run sheets that failed to document a detailed objective description of the patient's symptoms and physical findings to support meeting the Medicare requirements for an ambulance service. |
|---|---|---|---|

This list is not exhaustive or complete in any sense, as the investigation into this matter is continuing. The information is provided by way of example in order to furnish you with adequate notice of the basis for the payment suspension noticed herein.

Pursuant to 42 C.F.R. § 405.372(b)(2), you have the right to submit a rebuttal statement in writing to us indicating why you believe the suspension should be removed. We request that you submit this rebuttal statement to us within 15 days. You should include with this statement any evidence you believe is pertinent to your reasons why the suspension should be removed. Your rebuttal statement and any pertinent evidence should be sent to:

> Qlarant Integrity Solutions, LLC
> Attn: Rebuttal and Suspension Department
> 14643 Dallas Parkway, Suite 400
> Dallas, TX 75254

If you submit a rebuttal statement, we will review that statement (and any supporting documentation) along with other materials associated with the case. Based on a careful review of the information you submit and all other relevant information known to us, we will determine whether the suspension should be removed, modified, or should remain in effect within 15 days of receipt of the complete rebuttal package. However, the suspension of your Medicare funds will continue while your rebuttal package is being reviewed. Thereafter, we will notify you in writing of our determination to continue or remove the suspension and provide specific findings on the conditions upon which the suspension may be continued or removed, as well as an explanatory statement of the determination. *See* 42 C.F.R. § 405.375(b)(2). This determination is not administratively appealable. *See* 42 C.F.R. § 405.375(c).

If the suspension is continued, we will review additional evidence during the suspension period to determine whether claims are payable and/or whether an overpayment exists and, if so, the amount of the overpayment. *See* 42 C.F.R. § 405.372(c). We may need to contact you with specific requests for further information. You will be informed of developments and will be promptly notified of any overpayment determination. Claims will continue to be processed during the suspension period, and you will be notified about bill/claim determinations, including appeal rights regarding any bills/claims that are denied. The payment suspension applies to both current and future payments.



Unified Program Integrity Contractor
South Western Jurisdiction (UPICSW)

In the event that an overpayment is determined and it is determined that a recoupment of payments under 42 C.F.R. § 405.371(a)(3) should be put into effect, you will receive a separate written notice of the intention to recoup and the reasons. You will be given an opportunity for rebuttal in accordance with 42 C.F.R. § 405.374 from Novitas Solutions, Inc. When the payment suspension has been removed, any money withheld as a result of this action shall be first be applied to reduce or eliminate the determined overpayment and then to reduce any other obligation to CMS or to the U.S. Department of Health and Human Services in accordance with 42 C.F.R. § 405.372(e). In the absence of a legal requirement that the excess be paid to another entity, the excess will be released to you.

Should you have any questions, please contact Christina Cardenas in writing or via telephone at 972-383-000, Ext. 13160.

Sincerely,

S. Scott Ward, CFE, AHFI
Program Director
Qlarant Integrity Solutions, LLC

cc: Centers for Medicare & Medicaid Services

Qlarant  14643 Dallas Parkway, Suite 400 • Dallas, Texas 75254-1613 • www.qlarant.com

Department of Health and Human Services
Centers for Medicare & Medicaid Services

Form Approved OMB No.0938-0950

# Appointment of Representative

| Name of Party<br>Acute Care Ambulance Service, LLC | Medicare Number (beneficiary as party) or National Provider Identifier (provider or supplier as party)<br>1932471075 |
|---|---|

## Section 1: Appointment of Representative

**To be completed by the party seeking representation (i.e., the Medicare beneficiary, the provider or the supplier):**

I appoint this individual, MARK S. KENNEDY, to act as my representative in connection with my claim or asserted right under Title XVIII of the Social Security Act (the Act) and related provisions of Title XI of the Act. I authorize this individual to make any request; to present or to elicit evidence; to obtain appeals information; and to receive any notice in connection with my claim, appeal, grievance or request wholly in my stead. I understand that personal medical information related to my request may be disclosed to the representative indicated below.

| Signature of Party Seeking Representation | | Date<br>07/31/20 |
|---|---|---|
| Street Address<br>1802 JOLEIGH DR | | Phone Number (with Area Code)<br>956-968-7999 |
| City<br>MERCEDES | State<br>TEXAS | Zip Code<br>78570 |
| Email Address (optional) ACUTECAREAMBULANCE@YAHOO.COM | | |

## Section 2: Acceptance of Appointment

**To be completed by the representative:**

I, MARK S. KENNEDY, hereby accept the above appointment. I certify that I have not been disqualified, suspended, or prohibited from practice before the Department of Health and Human Services (HHS); that I am not, as a current or former employee of the United States, disqualified from acting as the party's representative; and that I recognize that any fee may be subject to review and approval by the Secretary.

I am a / an ATTORNEY
(Professional status or relationship to the party, e.g. attorney, relative, etc.)

| Signature of Representative | | Date<br>07/31/20 |
|---|---|---|
| Street Address<br>12222 MERIT DRIVE, SUITE 1750 | | Phone Number (with Area Code)<br>214-445-0740 |
| City<br>DALLAS | State<br>TX | Zip Code<br>75251 |
| Email Address (optional) MARKSKENNEDYLAW@MSN.COM | | |

## Section 3: Waiver of Fee for Representation

**Instructions: This section must be completed if the representative is required to, or chooses to, waive their fee for representation.** (Note that providers or suppliers that are representing a beneficiary and furnished the items or services may not charge a fee for representation and **must** complete this section.)

I waive my right to charge and collect a fee for representing _____ before the Secretary of HHS.

| Signature | Date |
|---|---|
| | |

## Section 4: Waiver of Payment for Items or Services at Issue

**Instructions:** Providers or suppliers serving as a representative for a beneficiary to whom they provided items or services must complete this section if the appeal involves a question of liability under section 1879(a)(2) of the Act. (Section 1879(a)(2) generally addresses whether a provider/supplier or beneficiary did not know, or could not reasonably be expected to know, that the items or services at issue would not be covered by Medicare.) I waive my right to collect payment from the beneficiary for the items or services at issue in this appeal if a determination of liability under §1879(a)(2) of the Act is at issue.

| Signature | Date |
|---|---|
| | |